## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| KHALID Y. HAMIDEH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| BANK OF AMERICA, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("BANA") files this Notice of Removal of this action from the County Court of Dallas County, Texas, County Court at Law #4, to the United States District Court for the Northern District of Texas, Dallas Division, the District and Division encompassing the place where the state court is located.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, BANA will show:

### STATE COURT ACTION

1.      On December 7, 2022, Plaintiff Khalid Y. Hamideh ("Plaintiff") filed suit against BANA in the County Court of Dallas County, Texas, County Court at Law #4 in an action styled *Khalid Y. Hamideh v. Bank of America, National Association.* under Cause No. CC-22-06974-D (the "State Court Action").[1]

---

[1]      A copy of Plaintiff's Petition filed in the State Court Action is attached as Exhibit 3.

2.      In this case, Plaintiff alleges that an unknown individual opened a BANA credit card account in his name (the "Account"), and that the Account was used to make over $20,000 in fraudulent charges.

3.      In his petition filed January 28, 2015, Plaintiff attempts to assert causes of action against BANA for common law negligence, negligent misrepresentation, and fraud.  (*See* Petition, Pg. 1)

4.      Plaintiff seeks monetary damages in excess of $250,000.  (*See Id*.)

## PROCEDURAL REQUIREMENTS

4.      Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division because the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441(a); a*lso see* 28 USC § 124(c)(3).

5.      BANA was served with a copy of the Petition on December 19, 2022.  Therefore, removal of this action is timely under 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(a), this *Notice of Removal* is accompanied by copies of the following:

         a.      An index of matters being filed is attached hereto as **Exhibit 1**;

         b.      The state court docket sheet is attached hereto as **Exhibit 2**;

         c.      Copies of (i) all pleadings asserting causes of action, (ii) all executed process in the case, if any, (iii) all answers, if any, and (iv) all orders signed by the state court judge, if any, are attached as **Exhibit 3**; and

         d.      A list of all counsel of record, including addresses, telephone numbers and all parties represented is attached hereto as **Exhibit 4**.

7.      Simultaneously with the filing of this *Notice of Removal*, Defendant is filing a notice of the removal in the County Court of Dallas County, Texas, County Court at Law #4

pursuant to 28 U.S.C. § 1446(d), which is attached hereto **as Exhibit 5**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL JURISDICTION

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is one which may be removed to this Court by BANA because: (1) there is complete diversity of citizenship between Plaintiff and BANA; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

## DIVERSITY JURISDICTION

9.      **Plaintiff's Citizenship.**    Plaintiff's Petition alleges that he is an individual residing in Dallas County, Texas.  (*See* Petition, Pg. 1.)  Accordingly, Plaintiff is a resident and a citizen of the State of Texas for traditional diversity jurisdiction.  See 28 U.S.C. § 1332(c)(1).

10.     **Defendant's Citizenship.**    Pursuant to 28 U.S.C. § 1332(c)(1), BANA is a national banking association chartered under the laws of the United States, and 28 U.S.C. § 1348 ("Section 1348") governs the citizenship of national banking associations for diversity purposes. Section 1348 provides, in relevant part, that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  For the purpose of diversity jurisdiction, a national banking association is "located" only in the state designated in its articles of association as its main office, even if it has branch offices in other states.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317-18 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004). BANA is headquartered in, has its principal place of business in, and is therefore "located" in the state of North Carolina.  Its articles of association designate Charlotte, North Carolina, as the location of its main office.  Its principal executive offices, including the office of its President,

are located in Charlotte, North Carolina.  Furthermore, BANA's certificate from the Office of the

Comptroller of the Currency ("OCC") states that it is located in Charlotte, North Carolina, and

the OCC has issued an Interpretive Letter regarding BANA's North Carolina citizenship for

purposes of diversity jurisdiction.  In short, under the standard set forth in *Wachovia* and *Horton*,

BANA's principal place of business is the state of North Carolina.  Further, given that BANA's

headquarters is in Charlotte, North Carolina, that its officers direct, control, and coordinate its

activities from there, and that the majority of its executive and administrative functions are

performed there, its state of citizenship is North Carolina, and not California, even under the

standard set forth in *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

## AMOUNT IN CONTROVERSY

11.     In order to establish diversity jurisdiction, the amount in controversy must exceed

$75,000. 28 U.S.C. § 1332(a). The face of Plaintiff's Complaint, filed in the State Court Action,

shows the amount in controversy exceeds $75,000, as Plaintiff seeks monetary relief over

$250,000.00.  Therefore, the $75,000 jurisdictional threshold is satisfied.

12.     For the reasons stated above, this Court has jurisdiction over this matter by virtue

of diversity.

## NO JURY DEMAND

15.     Plaintiff has not demanded a jury in the State Court Action.

## CONCLUSION

This Court may exercise diversity jurisdiction over this action because Plaintiff and

Defendant are completely diverse and the amount in controversy exceeds the jurisdictional

threshold.

Dated: January 6, 2023

           */s/ Matthew D. Durham*
Matthew D. Durham
Texas Bar No. 24040226
mdurham@mcguirewoods.com
**McGuireWoods LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
(214) 932-6400
(214) 932-6499 (Fax)

*Attorneys for Defendant, Bank of America, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of *Notice of Filing of Notice of Removal to Federal Court* by first class mail, postage prepaid, and email to the parties below on January 6, 2023.

Yusef Hamideh
Hamideh Law Firm
210 S. Greenville Avenue, Suite 200
Richardson, TX 75081
Phone: (214) 515-0000
Fax: (214) 463-2550
Email: info@hamidehlawfirm.com
***Attorney for the Plaintiff***

*/s/ Matthew D. Durham*
Matthew D. Durham